# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

DESMOND D. MARTIN
ADC#149795                                                      PETITIONER

VS.                          5:12CV00390 JLH/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Desmond D. Martin. *Doc. #2*. Before addressing Petitioner's

habeas claims, the Court will review the procedural history of the case in state court.

On March 30, 2011, Petitioner pleaded guilty, in Faulkner County Circuit Court, to attempted burglary, kidnapping, and second-degree sexual assault. *Doc. #5-1*. He received an aggregate 180-month sentence. *Id.*

On June 2, 2011, Petitioner filed a *pro se* Rule 37 Petition in Faulkner County Circuit Court, raising numerous postconviction claims. *Court's Ex. A attached hereto*.[1] On January 4, 2012, the trial court entered an Order denying Rule 37 relief on the merits. *Court's Ex. B attached hereto*. On February 7, 2012, Petitioner filed a Notice of Appeal in Faulkner County Circuit Court. *Court's Ex. C attached hereto*.

On May 3, 2012, Petitioner tendered the Rule 37 record to the Clerk of the Arkansas Supreme Court. *Court's Ex. D attached hereto*. However, the Clerk "declined to lodge the record because [Petitioner] did not file the notice of appeal within thirty days of the date of the [trial court's January 4, 2012] order as required by the prevailing rules of procedure." *Id.*

On May 29, 2012, Petitioner filed a *pro se* Motion for Belated Appeal in the Arkansas Supreme Court. On August 14, 2012, the Arkansas Supreme Court issued a *per curiam* opinion that dismissed Petitioner's Motion. *Martin v. State*,

---

[1] The parties did not provide the Court with all of the relevant documents that were filed in Petitioner's Rule 37 action. The Court has obtained additional documents from the online docket of the Garland County Circuit Court (https://caseinfo.aoc.arkansas.gov) and attached them as exhibits to this Recommended Disposition.

2012 Ark. 312, 2012 WL 3372998 (2012) (*per curiam*). The Court held that, because Petitioner's June 2, 2011 Rule 37 Petition was not verified "before a notary or other officer" in compliance with Rule 37.1(c), both the trial court and the Arkansas Supreme Court lacked jurisdiction:

> Because appellant's Rule 37.1 petition was not in compliance with Rule 37.1(c), it should not have been accepted for filing, and it did not act to confer jurisdiction in the trial court to consider the merits of the petition. Where the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. Motion [for belated appeal] dismissed.

*Id.* at *2 (internal citations omitted).[2]

On October 3, 2012, Petitioner initiated this *pro se* federal habeas action. *Doc. #2 at 14*. Petitioner asserts the following habeas claims: (1) ineffective assistance of counsel; (2) a coerced guilty plea; and (3) the Arkansas parole-eligibility statute is unconstitutional as applied to him. Respondent argues that all of Petitioner's habeas claims are: (1) barred by the statute of limitations; or (2) procedurally defaulted. *Doc. #5.*

For the reasons discussed below, the Court concludes that all of Petitioner's habeas claims are barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Thus, the Court recommends that this habeas Petition be dismissed, with prejudice.

---

[2] In 2006, Rule 37 was amended to specify the exact contents of the verification affidavit that must be filed as part of a Rule 37 petition, and to require that the affidavit be "sworn to before a notary or other officer authorized by law to administer oaths[.]" Ark. R. Crim. P. 37.1(c). The 2006 amendment also added the following subsection: "The circuit clerk shall not accept any for filing any petition that fails to comply with subsection (c) of this rule. The circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c) of this rule." Ark. R. Crim. P. 37.1(d).

## II. Discussion

### A.      The AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a § 2254 habeas petition to be filed within one year of the date on which the state judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner had no right to appeal his guilty plea. *See* Ark. R. App.— Crim. 1(a); Ark. R. Crim. P. 24.3. Therefore, his conviction was "final" on April 12, 2011, the date the trial court entered the Amended Judgment and Commitment Order. *Doc. #5-1*. The next day, on April 13, 2011, the statute of limitations was triggered. One year later, on April 13, 2012, the statute of limitations expired. Petitioner initiated this action on October 3, 2012, almost six months after the expiration of the limitations period.[3]

### B.      Analysis of Statutory Tolling

The AEDPA provides for statutory tolling for the time during which a "properly filed" petition for collateral review is pending in state court. *See* 28 U.S.C. § 2244(d)(2). Importantly, if a state court determines that a postconviction motion does not comply with the applicable state filing requirements, "that is the

---

[3] Petitioner placed his petition in the prison mailbox system on October 3, 2012. *Doc. #2 at 14*. *See Steu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009) (applying the "prison mailbox rule" in calculating the habeas statute of limitations).

end of the matter" for purposes of whether the motion is "properly filed" under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

While Petitioner filed a timely Rule 37 Petition on November 23, 2010, the Arkansas Supreme Court held that the Petition was not properly verified in compliance with Rule 37.1(c). Under well-established Eighth Circuit case law, a Rule 37 petition that is rejected by the Arkansas Supreme Court for noncompliance with Rule 37's verification requirement is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *See Nelson v. Norris*, 618 F.3d 886, 891-892 (8th Cir. 2010); *Walker v. Norris*, 436 F.3d 1026, 1030-1032 (8th Cir. 2006). Thus, Petitioner is not entitled to any statutory tolling.

## C.    Analysis of Whether Petitioner is Entitled to Equitable Tolling

Finally, equitable tolling may allow a habeas petitioner to halt the running of the one-year limitations period in § 2244(d). However, to invoke equitable tolling, a habeas petitioner must show that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing of his habeas action. *See Holland v. Florida*, 560 U.S. 631 (2010). "[E]quitable tolling is appropriate only under limited circumstances . . . [and] must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir.

2009); *see also Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) ("Equitable tolling is an *exceedingly narrow* window of relief.") (emphasis in original).

In support of equitable tolling, Petitioner points out that the Faulkner County Circuit Clerk accepted his Rule 37 Petition for filing despite its lack of a proper verification, and that the trial court decided the Petition on its merits. *Doc. #7.* Petitioner faults the Clerk for failing to inform him that "the Petition was invalid on its face due to [his] failure to submit [a] Notarized Affidavit with [the] Petition." *Id.* Petitioner argues that he was diligently attempting to exhaust his postconviction claims in state court before filing for federal habeas relief. *Id.*

Although Petitioner is correct that both the circuit clerk and the trial court should have rejected his Rule 37 petition for being improperly verified, *see* Ark. R. Crim. P. 37.1(d), the proper verification of his Rule 37 Petition was entirely within Petitioner's control. Petitioner's difficulty in litigating his postconviction claims in state court was not an "extraordinary" circumstance. The Eighth Circuit has repeatedly held that a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling. *See, e.g. Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (holding that a *pro se* prisoner's misunderstanding of the state court postconviction rules did not warrant equitable tolling); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (holding that a *pro se* prisoner's lack of

legal knowledge and legal resources did not warrant equitable tolling); *Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2001) (noting that the pre-filing "obstacles faced by many if not most [*pro se*] habeas petitioners" were presumed to have been considered by Congress in enacting a one-year limitations period).

Finally, in *Pace*, *supra,* the United States Supreme Court expressly addressed how prisoners can avoid spending time exhausting state remedies in good faith, only to later discover that federal habeas relief is time-barred because their state postconviction petitions were never "properly filed" under § 2244(d)(2):

> A prisoner seeking state post-conviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. *See Rhines v. Weber*, [544 U.S. 269, 278 (2005)].

*Pace*, 544 U.S. at 416; *see also Runyan v. Burt*, 521 F.3d 942, 945–46 & n. 4 (8th Cir. 2008) (no equitable tolling where petitioner's state post-conviction applications were not properly filed and thus did not toll the statute of limitations, and he "could have protected himself" during their pendency by filing a timely federal habeas petition and seeking "stay and abeyance"). Regardless of his ongoing state court proceedings, nothing prevented Petitioner from protectively filing a timely federal habeas petition raising his claims.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED, and this case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 8th day of May, 2014.

_____

UNITED STATES MAGISTRATE JUDGE

FILED
DATE 0-2-11 @ 10:20 a.m.
Rhonda Wharton, Clerk
By_____ LB ____DC

IN THE Circuit Court OF FAULKNER Co. ARKANSAS

3RD DIVISION

STATE OF ARKANSAS                    PLAINTIFF / RESPONDENT

VS.            Case NO   CR~~01~~ 2010-692 ~~192~~
                         CR-2010-691

DESMOND MARTIN                       DEFENDANT / PETITIONER

<u>PETITION FOR POST-CONVICTION RELIEF UNDER RULE 37</u>

This is an application for post-conviction relief filed by your petitioner, the above-named defendant, a prisoner, claiming a right to be released, or to have a new trial or to have the original sentence modified.

1. That this petition is proper remedy to present your petitioner's grounds for relief, and this court has jurisdiction over the parties hereto and the subject-matter herein.

2. That the jurisdiction of this court is invoked pursuant to the provisions of Rule 37, ARCrP, this being pursuant to Rule 37.1 a petition authorized by law for post conviction proceedings and relief



4



23CR-10-691        231-23100000698-004
STATE V DESMOND D MARTIN    8 Pages
FAULKNER CO      06/02/2011 10:20 AM
CIRCUIT COURT                   FI78A



3. That your petitioner is a prisoner in custody of the Arkansas Department of correction under sentence of this court for the term of 15 years imprisonment, date of commitment being March 30, 2011 having been convicted of the felony offense Attempted Burglary- Residential in violation of ARK. Code. Ann. 5-39-201, Kidnapping 5-11-102, Sexual Assault in the Second Degree. 5-14-125

4.    That this Court's judgment of conviction, and sentence entered and executed, was pursuant to a ~~trial~~/plea.

5.    That the sentence, under which your petitioner is presently confined, was imposed in violation of the Constitution and laws of the United States or the State of Arkansas or is otherwise subject to collateral attack.

6.    That your petitioner's application for relief here is filed in the Court in a timely fashion under ARCrP Rule 37.2.  That this application has been filed within 90 days of entry of judgment or within 60 days of the date the mandate was issued in my appeal..

7.    That your petitioner ~~did~~/did not (mark out the incorrect response) appeal his case to the Supreme Court or Court of Appeals.

8.    That your petitioner has filed no previous application or petition in the court under Rule 37, and this application herein is an original one.

9.    That none of the grounds set out herein were finally adjudicated or intelligently and understandingly waived in the proceedings which resulted in the conviction or in any other proceedings.

10.    That this application for post-conviction relief is brought on your petitioner's own volition, without inducement, promise or persuasion of any person; that your petitioner is fully aware that this court may dismiss this application for relief, set aside the original judgment, discharge the petitioner, re-sentence your petitioner, grant a new trial, or otherwise correct the sentence as may appear appropriate in these proceedings; that your petitioner fully realizes that in the event of a retrial, there is a real and substantial risk of your petitioner receiving a more severe sentence than was entered in the prior proceedings which resulted in the sentence your petitioner is now under; that

800-18

your petitioner fully understands that any abuse herein by use of false statements may subject your petitioner to prosecution for penalties of perjury.

11.   That your petitioner, being without funds, is unable to pay the costs of these proceedings or to employ counsel.  Petitioner requests that he be allowed to proceed in forma pauperis.  (Attached is Affidavit In Support of Request to Proceed In Forma Pauperis.)

12.   That your petitioner requests that he be furnished a copy, or use of, the complete records, files, docket sheets, and transcript relating to the charges and proceedings which resulted in your petitioner's conviction and sentence, to enable your petitioner to further prepare and amend herein for post-conviction relief.

13.   That your petitioner requests the Court to enact an evidentiary hearing and order the presence of your petitioner at such hearing.

14.   That your petitioner requests the Court, pursuant to Rule 37.3(b), ARCrP to appoint counsel for petitioner for hearing in the Court and for an appeal to the Supreme Court, in that your petitioner is unable to pay the costs of the proceedings, or to employ counsel.

15.   That your petitioner requests that if your petitioner's motion herein be denied and dismissed on the claim for post-conviction relief, it be without prejudice to your petitioner to file a subsequent claim for post-conviction relief under Rule 37.

16.   That your petitioner respectfully requests the court to promptly mail a copy of any Order or ruling made herein to your petitioner pursuant to Rule 37.3(d), ARCrP.

17.   That your petitioner was denied the effective assistance of counsel for the following reasons:  (SUPPORTING FACTS: Tell the court your story; do not cite cases;

3

do not argue; specifically, identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.)

~~on or about March 3~~

That that petitioner's pretrial proceedings counsel had been ineffective, counselor failed to actively pursue pretrial motions on behalf of the petitioner. Conselor only consulted with petitioner when he appeared in court and while he was representing others at the same time. on March 30 2011 petitioner's counselor stated to him that if he tried to go trial on his charges he would be found guilty and given the maximum sentence. counselor never attempted to challenge any of the states evidence submitted in discovery. petitioner's guilty plea was coerced by threats and intimidation and was not intelligently made

18.  Other specified grounds for relief which defendant submits to the Court are as follows: (Commonly used grounds are that the conviction was obtained through use of, or violation of (A) Coerced confession, (B) Evidence pursuant to unconstitutional search and seizure, (C) Evidence pursuant to an unlawful arrest, (D) Privilege against self-incrimination,  (E) Prosecutorial misconduct, (F) Double jeopardy, (G) Denial of jury trial, (H) Denial of fair and impartial trial, (I) Death-Qualified trial, (J) Actual or Constructive denial of counsel, (K) Denial of speedy trial, (L) Denial of Due Process of Law, (M) Denial of the right of appeal, (N) Mental incompetency. [For each ground you select, tell your story; do not argue; do not cite cases; relate the specific facts.] )

800-18



GROUND ONE: _Ineffective Assistance of counsel_
(Identify)

_counselor failed to Actively pursue pretrial motion on defendant's behalf_

GROUND TWO: _Guilty Plea was coerced by threats_
(Identify) _and intimidations_

_counselor stated to petitioner, that if he tried to go trial on his charges, he would be found guilty and given the maximum sentence. counsel never attempted to investigate the facts of his case. Petitioner's guilty plea was was not Intelligently made._

GROUND THREE: _Failure of attorney to exercise reasonable_
(Identify) _care, skill and diligence._

_counsel failed to seek out character witnesses or mitigating circumstances for the defendant._

5

800-18

WHEREFORE, Petitioner respectfully requests:

A.     That this Court declare Petitioner's sentence and conviction void.

B.  That this Court grant an evidentiary hearing, appoint counsel for your petitioner, and order the presence of your petitioner.

C.  That this Court grant your petitioner a new trial and any and all relief the Court deems just and proper.

Respectfully submitted,

X Desmond Martin

## AFFIDAVIT

The petitioner states under oath that he has read the foregoing petition for post conviction relief and that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief.

I declare under the penalty of perjury (18 U.S.C. 1621) that the foregoing is true and correct

Executed on this 31 day of May, 2011

_____
Signature of Petitioner

BK 2012   PG _____ **63**

FILED

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
CRIMINAL DIVISION **3**

2012 JAN 4 PM 2 26

RHONDA WHARTON, CLERK

BY _____ DC

STATE OF ARKANSAS                                                          PLAINTIFF

VS.                                           CR-2010-691
                                              CR-2010-692

DESMOND D. MARTIN                                                          DEFENDANT

## ORDER DENYING POST-CONVICTION RELIEF;
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW the Court and, having been sufficiently advised as regards the petitions

for post-conviction relief filed in the above-captioned cases, does hereby order and decree as

follows:

1.      A judgment of conviction, and a commitment order to the Arkansas Department of

Correction, was entered against the Defendant, Desmond D. Martin, in the above-captioned cases

on March 30, 2011, following a change of plea.  An amended judgment and commitment was

later entered on April 12, 2011.  Defendant was thereby convicted of Attempted Residential

Burglary (Class C Felony), Kidnapping (Class B Felony), and Sexual Assault in the Second

Degree (Class B Felony).  Defendant was represented throughout the proceedings by Deputy

Public Defender Danny Rasmussen, of Conway.

2.      Defendant timely filed a petition for post-conviction relief, pursuant Rule 37 of the

Arkansas Rules of Criminal Procedure (hereinafter "the Petition") on June 2, 2011, less than

ninety (90) days following the date of the entry of judgment. The Petition states two general

bases for post-conviction relief: (1) ineffective assistance of counsel, and (2) the supposed



23CR-10-691      231-23100001671-030
STATE V DESMOND D MARTIN      6 Pages
FAULKNER CO      01/04/2012 02:26 PM
CIRCUIT COURT                      OR80

BK 2012   PG _____   **64**

illegality of Defendant's sentence.

3.      In support of the contention that he was denied effective assistance of counsel, Defendant alleges that Mr. Rasmussen failed in six ways. Those are: (1) failure to file or pursue pre-trial motions; (2) failure to consult with the Defendant about his case other than while Defendant was in court for pre-trial hearings; (3) advice to Defendant that a trial could result in his receiving the maximum sentence (which advice the Defendant claims was threatening or coercive in nature); (4) failure to challenge evidence provided in discovery; (5) failure to sufficiently investigate the facts surrounding the charges – specifically failure to seek out alibi or character witnesses; and (6) failure to inform the Defendant that, due to a prior out-of-state conviction, he might be required to serve more of his total sentence than an average inmate, before becoming eligible for parole.

4.      Where a defendant has pleaded guilty, the only claims cognizable in a Rule 37 proceeding are those that allege that the plea was not made voluntarily and intelligently or that it was entered without effective assistance of counsel. Cummings v. State, 2011 Ark. 410 (citing State v. Herred, 332 Ark. 241 (1998)). The two-part test adopted in Strickland v. Washington (466 U.S. 668 (1984), for evaluating claims of ineffective assistance of counsel, applies to guilty plea challenges based on ineffective assistance of counsel. Herred at 251 (citing Hill v. Lockhart, 474 U.S. 52 (1985). Under the Strickland test, a petitioner making a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Cummings, 2011 Ark 410 at 2. In so doing, the claimant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Cummings, 2011 Ark. 410 at 2 (citing State v. Barrett, 371 Ark. 91 (2007). To be sure, trial strategy is no basis for post-

conviction relief. Jackson v. State, 352 Ark. 359 (2003). Assuming the first part of the Strickland test is satisfied, the petitioner must next show that counsel's deficient performance so prejudiced his defense that he was deprived of a fair trial. Cummings, 2011 Ark. 410 at 2. An appellant who has pleaded guilty will normally have considerable difficulty in proving any prejudice, since his plea rests upon his admission in open court that he did the act with which he was charged. Id. To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has pleaded guilty must demonstrate a reasonable probability that, but for counsel's errors, he would not have done so, and would have insisted on going to trial. Cummings, 2011 Ark. 410 at 2 (citing Buchheit v. State, 339 Ark. 481 (1999) (citing Hill v. Lockhart, 474 U.S. 52 (1985)). For the reasons stated below, the Court finds that the Defendant has failed to meet his burdens, and is therefore not entitled to post-conviction relief due to ineffective assistance counsel.

5.. First, the Court finds no merit in the Defendant's contention that Mr. Rasmussen inexcusably failed to file or pursue pre-trial motions. From Mr. Rasmussen's testimony at the hearing on the Petition, the Court concludes that it was counsel's reasonable and studied conclusion that there existed no basis for any sort of pre-trial motion in these cases, whether a motion in limine, motion to suppress, or any other. No attorney is obligated to file a motion that he or she does not reasonably believe is supported by law and fact, regardless of a client's wishes. To the contrary, counsel has a duty to *refrain* from filing such a motion. It is, in the court's opinion, a wise exercise of trial strategy for counsel to refrain from filing baseless motions for the sole sake of client satisfaction.

6.. The Court finds incredible the Defendant's claims that Mr. Rasmussen only consulted with him while Defendant was in open court, and only while Mr. Rasmussen was also engaged in

assisting other clients.  Mr. Rasmussen testified at the hearing on the Petition that he had, in fact, worked with Defendant on these cases outside of the courtroom on multiple occasions prior to the Defendant's guilty plea.  The Court credits Mr. Rasmussen's testimony as truthful, and thus gives no merit to the Defendant's contrary claims.  Further, the Court takes specific note of the transcript of the plea (admitted as State's evidence at the Petition hearing), wherein, on pages 4 and 6, Defendant admits that he had had an opportunity to consult with counsel prior to his change of plea, and that counsel had answered all of his questions to his satisfaction.

7.      The Court similarly finds no fault in Mr. Rasmussen's advice to Defendant that a jury trial might well result in Defendant's receiving the maximum possible sentence.  Defendant admitted at the Petition hearing that he would have preferred that Mr. Rasmussen not inform him of so bleak an opinion.  Be that as it may, the Court concludes from Mr. Rasmussen's hearing testimony that counsel's expression of such an opinion was not a threat or intimidation, as Defendant couches it, but the performance of one of defense counsel's most basic obligations – that of providing a candid assessment of a client's potential exposure at trial.  Given the nature of the charges Defendant faced – attempted residential burglary, kidnapping and sexual assault – the Court thinks the complained-of advice was actually quite good.  While the Defendant now claims that his guilty plea was not voluntary, but was instead the product of threats and intimidation by Mr. Rasmussen, the Court takes note of the transcript of Defendant's plea (specifically page 7, lines 19-22) wherein the Defendant, upon inquiry by the Court, responded that his guilty plea was not the product of any threat or coercion.

8.      The Court finds no greater merit in the Defendant's contention that Mr. Rasmussen was ineffective in failing to challenge evidence provided by the State in discovery.  At the Petition hearing, Defendant was understandably unable to articulate exactly *when* counsel should have

undertaken such a challenge, short of a trial. The time to challenge evidence is at trial, not before. The Court cannot now conclude that Mr. Rasmussen was ineffective for not challenging the State's evidence, since the Court has already concluded that Defendant knowingly and voluntarily entered into a negotiated guilty plea, thus precluding a trial from ever occurring.

9.      Equally meritless is Defendant's assertion that Mr. Rasmussen was ineffective in failing to fully investigate the facts of these cases. In support of that contention, Defendant claims Mr. Rasmussen made no attempt to locate a witness Defendant says might have exonerated him of the kidnapping and sexual assault charges. Defendant admitted at the Petition hearing, however, that he had no idea what this person's name was or where they could be found. The Court further concludes from Mr. Rasmussen's testimony that the Defendant never told his attorney that any such witness existed. It was Mr. Rasmussen's testimony that, upon consideration of the evidence, the Defendant was more than willing to accept the State's plea offer. It is clear that Mr. Rasmussen thoroughly reviewed the evidence provided by the State in discovery, and discussed it with the Defendant prior to the plea. The Court will not find counsel ineffective for failing to seek out a witness whose name or whereabouts were unknown, and of whom Defendant never never spoke. As regards any character evidence or witness Mr. Rasmussen might have sought out, the Defendant has failed to provide a single example of same which might have been exploited in his favor, leaving his allegations in that regard unsupported by evidence.

10.     Defendant further claims that his counsel inexcusably failed to advise him that a prior out-of-state kidnapping conviction could or would have an impact on Defendant's parole eligibility. At the Petition hearing, Mr. Rasmussen testified that he could not have so advised the Defendant because the existence of that prior conviction had not been made known to him in discovery, and, more importantly, *because Defendant never told him about it*. The Court will not

fault counsel for failing to offer advice, when the information which might have necessitated the advice was withheld by the client. If Defendant wanted good advice from his attorney, he should have provided his attorney good information.

11.     The Court finally finds no merit in Defendant's general contention that his sentence was somehow illegal. Defendant's sentence is within the statutory parameters and is therefore neither illegal nor excessive. For that reason, the Court finds that Defendant is not entitled to post-conviction relief based on the illegality of his sentence.

12.     For the reasons stated above, Defendant's petition for post conviction relief is hereby DENIED.

IT IS SO ORDERED.

Hon. Charles E. Clawson
Circuit Judge
1/3/12

FILED
DATE 2/7/12 @ 10:25 a.m.
Rhonda Wharton, Clerk
By_____ DC

IN THE CIRCUIT COURT OF FAULKNER CO. ARKANSAS
3RD DIVISION

DESMOND MARTIN                           PETTIONER

VS.                    CASE NO. CR-2010 691
                           CR-2010 692

STATE OF ARKANSAS                    RESPONDENTS

## NOTICE OF APPEAL

Notice is hereby given that Desmond Martin, ADC
#149795, appeals to the appeals court of Arkansas
from the final Order of the circuit court of Faulkner
County, Arkansas entered on January 4   2012.

## APPELLANT JURISDICTION

The appellate jurisdiction of the Supreme court
or the of Appeals is invoked pursuant to Rule 2,
Rules of Appellate Procedure- criminal.

## DESIGNATION OF RECORD

Petitioner/Appellate hereby designates the entire record,
and all proceedings, exhibits, evidence, and documents
introduced in evidence to be contained in the record on appeal.



23CR-10-691     231-23100001934-011
STATE V DESMOND D MARTIN     3 Pages
FAULKNER CO     02/07/2012 10:25 AM
CIRCUIT COURT                    AP22



WHEREFORE, your petitioner prays: this court grant his motion for copy of, or use of, the trial transcript at public expense. and allow petitioner leave to amend his Rule 37 petition for Post-conviction Relief any and all relief which may be deemed just and proper

Respectfully submitted

Petitioner, pro se
ADc # 149795
~~XXXXXXXX~~
~~XXXXXXXX~~
P.o Box 500
Grady Ac 71644

STATE OF ARKANSAS } ss
COUNTY OF Faulkner }

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public on this 3rd day of Feb. , 2012

Ricky Boyd
Notary Public.

My commission Expires: Sept 2:0 16

<u>CERTIFICATE OF ORDER OR TRANSCRIPT</u>

Petitioner/Appellant states, that for good cause shown, he has requested the circuit court to cause the transcript of the Designated Record of Appeal, deemed essential, to be ordered, certified, transmitted to the Clerk of the supreme court for filing and docketing. (See attached Petition for Leave to Proceed In Forma Pauperis, with supporting affidavit.

Desmond Martin
PETITIONER/APPELLANT
ADC # 149795

I declare under penalty of perjury (18 U.S.C. 3 1621) that the foregoing is true and correct

Office of the
## CRIMINAL JUSTICE COORDINATOR
### SUPREME COURT OF THE STATE OF ARKANSAS

Sue Newbery
Criminal Justice Coordinator
Phone (501) 682-1637

FILED

2012 MAY 7 PM 3 18

RHONDA W_____ CLERK

BY _____ DC

Justice Building, Suite 1300
625 Marshall Street
Little Rock, Arkansas 72201

May 3, 2012

Mr. Desmond Martin
ADC No. 149795
North Central Unit
10 Prison Circle
Calico Rock, AR 72519

Re:     *Desmond D. Martin v. State*, Circuit Court of Faulkner County, 23CR 10-691, 23CR 10-692, Rule
        37.1 petition denied January 4, 2012

Dear Mr. Martin:

This is to advise you that a record has been received by the Clerk of the Arkansas Supreme Court with
respect to an order entered January 4, 2012, in the Circuit Court of Faulkner County. The order denied
a petition for postconviction relief pursuant to Criminal Procedure Rule 37.1. The record reflects that
you filed a notice of appeal from the order on February 7, 2012.

The Clerk of the Arkansas Supreme Court has declined to lodge the record because you did not file the
notice of appeal within thirty days of the date the order was entered as required by the prevailing rules
of procedure. (The notice of appeal was due no later than Friday, February 3, 2012.) If you have
questions about legal procedure in this matter, you may wish to consult an attorney. This office does
not give legal advice and cannot assist you.

Cordially,

Sue Newbery

cc      Circuit Clerk of Faulkner County

        Office of the Attorney General

San:Ram

23CR-10-691     231-23100002686-006
STATE V DESMOND D MARTIN      1 Page
FAULKNER CO    05/07/2012 03:18 PM
CIRCUIT COURT                  F173T

